**Original filed 9/29/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN W. SMYKLA,<br><br>    Plaintiff,<br><br>  vs.<br><br>SHERIFF HENNESSEY, et al.,<br><br>    Defendants. | No. C 02-3776 JF (PR)<br><br>PARTIAL DISMISSAL ORDER; ORDER OF SERVICE; DENYING PLAINTIFF'S REQUEST FOR ORDER TO COMPEL WITHOUT PREJUDICE<br><br>(Docket No. 7) |

Plaintiff, proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 when he was incarcerated at the San Francisco County Jail as a pretrial detainee. Plaintiff alleges that Defendants retaliated against him by placing him in a "punitive and unsafe" housing assignment in the jail and limiting his access to the law library. Plaintiff maintains that the Defendant's retaliatory actions were due to his filing an earlier civil rights action challenging the conditions of his confinement. Plaintiff names the following Defendants in his complaint: Sheriff Hennesey and the Sheriff Deputies in charge of classification and the law library from October 27, 2001 to November 18, 2002. Plaintiff seeks compensatory and punitive damages. Plaintiff has filed a request for a court order to compel documents from Defendants.

1  The Court will order service of the complaint and deny Plaintiff's request (docket no.
2  7)motion without prejudice.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).

B.   Plaintiff's Claims

Plaintiff alleges that Defendants retaliated against him based upon his filing a complaint challenging the conditions of his confinement.  Plaintiff maintains that Defendants' placed him in punitive and unsafe housing conditions in the county jail and limited and denied him access to the law library.

**1.   Retaliation Claim**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights.  See

Perry v. Sindermann, 408 U.S. 593, 597 (1972).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. See Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997). Prisoners may not be retaliated against for exercising their constitutional right of access to the courts. See Schroeder, 55 F.3d at 461. The right of access to the courts extends to established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. See Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that, as a consequence of his filing grievances and a civil rights action challenging the conditions of his confinement: (1) Defendants placed him in unsafe and punitive housing in the jail; and (2) limited, and denied, his access to the law library. Liberally construed, these allegations state a cognizable retaliation claim. The Court will order service of this claim.

**2.     Access to Courts**

Plaintiff alleges that Defendants limited, and denied, his access to the law library.

1  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S.
2  343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To establish a claim for
3  any violation of the right of access to the courts, the prisoner must prove that there was an
4  inadequacy in the prison's legal access program that caused him an actual injury.  See
5  Lewis, 518 U.S. at 350-55.  A plaintiff must allege an "actual injury" to court access,
6  however, which consists of some specific "instance in which an inmate was actually
7  denied access to the courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Only
8  if an actual injury is alleged does a plaintiff state a claim for which relief can be granted.
9  See id.; see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985)
10 (complaint alleging certain documents pertaining to pending trial confiscated and not
11 returned too conclusory to support claim of denial of access to court).  Here, Plaintiff
12 does not allege that his denial of access, or limited access to the law library caused him
13 to be actually unable to access the courts on any specific instance.  As he has failed to
14 allege any actual injury, his allegations do not state a cognizable claim for relief.  This
15 claim will be DISMISSED.

**3.   Named Defendants**

17 Plaintiff has named the following Defendants in his complaint: (1) Sheriff
18 Hennessey and (2) Sheriff Deputies in charge of classification and the law library from
19 October 27, 2001 to November 18, 2002.  Although the use of "John Doe" to identify a
20 defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642
21 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968),
22 situations may arise where the identity of alleged defendants cannot be known prior to the
23 filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity
24 through discovery to identify the unknown defendants, unless it is clear that discovery
25 would not uncover their identities or that the complaint should be dismissed on other
26 grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180
27 (N.D. Cal. 1986).
28 \\\

Partial Dismissal Order; Order of Service; Denying Plaintiff's Request for Order to Compel Without Prejudice
P:\pro-se\sj.jf\cr.02\Smykla776srv                   4

1    In order to proceed with a claim against the individual "Doe" Defendants, Sheriff
2  Deputies in charge of classification and the law library from October 27, 2001 to
3  November 18, 2002, Plaintiff must identify them through discovery and, if successful,
4  seek leave to amend his complaint to name them (along with addresses) and set forth
5  specific facts as to how each individual defendant violated his rights.  See Wakefield v
6  Thompson, 177 F3d 1160, 1163 (9th Cir 1999).  Plaintiff will be afforded ninety (90)
7  days from the date of this order to identify all unknown Defendants.  Any unknown
8  Defendant not identified within the designated time will be dismissed from this action.
9  Plaintiff is reminded that he alone is responsible for all discovery.  The Court will not
10  conduct discovery for a party.
11  C.    Plaintiff's Request for Order to Compel
12    Plaintiff filed a request for a court order to compel Defendants to provide certain
13  documents that Plaintiff has requested.  Because Defendants have not been served, the
14  Court will DENY Plaintiff's request (docket no. 7) without prejudice.  Plaintiff may
15  request discovery as set forth below.

**CONCLUSION**

17    1.    The Clerk shall issue a summons and the United States Marshal shall serve,
18  without prepayment of fees, copies of the complaint in this matter (docket no. 1), and
19  copies of this order on Defendant SHERIFF HENNESSEY at City Hall Room 456, 1
20  Carlton Goodlet Place, San Francisco, CA 94102.  The Clerk shall also serve a copy of
21  this order on Plaintiff.
22    2.    Plaintiff's request for a court order to compel (docket no. 7) is DENIED
23  without prejudice.
24    3.    Plaintiff's claim of a denial of access to the court is DISMISSED.
25    4.    In order to expedite the resolution of this case, the Court orders as follows:
26        a.    No later than **sixty (60) days** from the date of this order, Defendants
27  shall file a motion for summary judgment or other dispositive motion, or shall notify the
28  Court that Defendants are of the opinion that this case cannot be resolved by such a

1  motion. The motion shall be supported by adequate factual documentation and shall
2  conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

1  failure to file an opposition to Defendant's motion for summary judgment may be deemed
2  to be a consent by Plaintiff to the granting of the motion, and granting of judgment
3  against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
4  (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  5. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

  6. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  IT IS SO ORDERED.

DATED: 9/28/06      /s/jeremy fogel
           JEREMY FOGEL
           United States District Judge

1   A copy of this ruling was mailed to the following:

2

3   Martin W. Smykla
    1983953
    NA-206184-4 (Q7.8)
4   2100 Napa Vallejo Hwy
    Napa, CA  94558-6292
5

6   Sheriff Hennessey
    San Francisco County Sheriff's Office
7   City Hall Room 456
    1 Carlton Goodlet Place
8   San Francisco, CA  94102

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Partial Dismissal Order; Order of Service; Denying Plaintiff's Request for Order to Compel Without Prejudice
P:\pro-se\sj.jf\cr.02\Smykla776srv          8